# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Ian Watts & Dana Watts                          Case No. 21-40794
                                                Chapter 7
                                                Honorable Mark A. Randon

          Debtors.

_____/

## ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SETTLE EQUITY IN PROPERTY OF THE ESTATE WITH THE DEBTORS

THIS MATTER having come before this court upon the Trustee's Motion for Authority to Settle Equity in Property of the Estate with the Debtors (the "Motion"), the Court finding just cause to enter the order as proposed, and the Court being duly advised in the premises;

**IT IS HEREBY ORDERED** that the Trustee's proposed settlement with the Debtors regarding the non-exempt property of the estate in the Residence (defined in the Motion) and other scheduled assets of the estate is reasonable, in the best interest of the bankruptcy estate and the Debtors' creditors, and therefore approved pursuant to the terms of this Order.

**IT IS FURTHER ORDERED** that the Debtors shall pay $7,500.00 (the "Equity Amount") to the Bankruptcy Estate in complete satisfaction of the estate's interest in the Residence and all other scheduled property of the estate.

**IT IS FURTHER ORDERED** that payment of the Equity Amount shall be governed by the following terms and conditions:

a.  Payment Plan: The Equity Amount shall be paid by the Debtors to the Trustee as follows:

1. $2,000.00 due on or before July 15, 2021;
2. $1,375.00 due on or before August 15, 2021;
3. $1,375.00 due on or before September 15, 2021;
4. $1,375.00 due on or before October 15, 2021; and
5. $1,375.00 due on or before November 15, 2021.

b.  Manner of Payment: The Debtors shall make all payments due under this Order payable to "Karen Evangelista, Trustee" and mail or hand deliver such payments to her attorneys, the Taunt Law Firm, at 700 E. Maple Rd., 2nd Floor, Birmingham, MI 48009.

c.  Status of Residence: The Trustee/Estate will retain an interest in the Residence and the Residence will remain Property of the Estate at all times until the Equity Amount is paid in full. The Debtors may not refinance the mortgage(s) on the Residence or otherwise encumber the Residence unless the Debtors obtain an order from the Court authorizing such an encumbrance and only if the Equity Amount is paid in full with the proceeds of the new loan.

d.  Late Fee: If the payment is not received on the due date or within the

3 days, a $200 late fee may be assessed against the Debtors by the Trustee.

e.  Default Remedy: In addition to the assessment of a late fee(s) and any other remedy available to the Trustee under applicable rule or law, in the event of a default as defined below, the Trustee may collect the unpaid portion of the Equity Amount as a money Judgment.  The Trustee will be entitled to collect all costs and fees to collect such money judgment, including reasonable attorney fees.

f.  Default: A "default" for purposes of this Order is the Debtors' failure, after 7 days email notice to Debtors' counsel of record in the Bankruptcy Case, to cure any one missed payment;

**IT IS FURTHER ORDERED** that this Order constitutes an order for turnover of property of the estate.  As such, the Equity Amount shall constitute the proceeds of property of the estate, and once received by the Trustee, be distributed by the Trustee pursuant to 11 USC §726, free and clear of any current or future exemption by the Debtors.

**IT IS FURTHER ORDERED** that the Debtors are both deemed to have exhausted all available exemptions pursuant to 11 U.S.C. §522(d)(1) and (d)(5). This Order resolves all scheduled property of the estate, plus the two unscheduled items identified by the Trustee in the Motion.

**IT IS SO ORDERED**

**Signed on August 3, 2021**

 **/s/ Mark A. Randon**

**Mark A. Randon**
**United States Bankruptcy Judge**